IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HARBANS SINGH, | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 4:25-CV-69-CDL-AGH |
| v. | : | 28 U.S.C. § 2241 |
| | : | |
| WARDEN, FEDERAL CORRECTIONAL INSTITUTE ATLANTA,[1] | : : : | |
| | : | |
| Respondent. | : | |

## MOTION TO DISMISS

On February 24, 2025, Petitioner filed a petition for a writ of habeas corpus ("Petition") challenging his detention by Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"). ECF No. 1. On the same day, the Court ordered Respondent to file a response within twenty-one (21) days. ECF No. 3. The Court also ordered Respondent to "address whether venue is proper in this Court" because "Petitioner indicates that he is presently detained at the federal prison located in Atlanta, Georgia[.]" Order 1 n.1, ECF No. 3 (citing Cover Letter 1, ECF No. 1-1). In lieu of a response, Respondent files this Motion to Dismiss. The Petition should be dismissed for lack of jurisdiction because this Court is not the proper venue for the Petition. In the alternative, this action should be transferred to the U.S. District Court for the Northern District of Georgia.

---

[1] Petitioner names Immigration and Customs Enforcement ("ICE") as the Respondent in his Petition. As further explained below, "the default rule [for claims under 28 U.S.C. § 2241] is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citations omitted). Thus, Respondent has substituted the Warden of Federal Correctional Institute Atlanta as the respondent in this action.

## BACKGROUND

Petitioner is a native and citizen of India who has been detained post-final order of removal under 8 U.S.C. § 1231(a) at the Federal Correctional Institute Atlanta ("FCI Atlanta") in Atlanta, Georgia since February 14, 2025. Knowles Decl. ¶¶ 3, 14, 16 & Ex. A. On January 22, 2015, he entered the United States pursuant to a B2 non-immigrant visitor visa. Ex. A. On June 14, 2019, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") served Petitioner with a Notice to Appear ("NTA") charging him with removability pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), based on his unlawful presence in the United States after the expiration of his non-immigrant visa. Knowles Decl. ¶ 4 & Ex. B.

On July 22, 2020, Petitioner entered criminal custody after his indictment in the U.S. District Court for the Western District of Washington for two counts of violating 18 U.S.C. § 1546(a) and two counts of violating 18 U.S.C. § 1001. Id. ¶ 5 & Ex. C. On July 30, 2020, he entered ICE/ERO custody after his release on bond from criminal custody. Id. ¶ 6. On April 27, 2021, an immigration judge ("IJ") ordered Petitioner removed to India. Id. ¶ 8 & Ex. D. He appealed the IJ's removal order to the Board of Immigration Appeals ("BIA"). Id. ¶ 8.

On July 12, 2021, Petitioner was released from ICE/ERO custody and re-entered criminal custody for his prosecution. Id. ¶ 7. On September 29, 2021, the BIA dismissed Petitioner's appeal and affirmed the IJ's removal order, making the removal order final. Knowles Decl. ¶ 8 & Ex. E; 8 C.F.R. § 1241.1(a). On December 10, 2021, Petitioner was convicted of violating 18 U.S.C. § 1546(a) and 18 U.S.C. § 1001 and was sentenced to time served. Knowles Decl. ¶ 9 & Ex. F. On December 13, 2021, he re-entered ICE/ERO custody. Id. ¶ 10. Petitioner filed a motion to reopen with the BIA on June 13, 2022, and the BIA denied his motion on October 11, 2022. Id. ¶ 11 &

Ex. G. Petitioner filed petitions for review and motions to stay removal with the U.S. Court of Appeals for the Ninth Circuit. *Id.* ¶ 11.

On December 16, 2024, Petitioner was transferred to Stewart Detention Center in Lumpkin, Georgia. *Id.* ¶ 12. On December 17, 2024, ICE/ERO obtained a valid travel document to effectuate his removal to India. *Id.* ¶ 13 & Ex. H. On February 14, 2025, Petitioner was transferred to FCI Atlanta in Atlanta, Georgia. Knowles Decl. ¶ 14. On February 23, 2025, the Ninth Circuit denied Petitioner's consolidated petitions for review and denied his motions to stay removal as moot. *Id.* ¶ 15. Petitioner remains detained at FCI Atlanta. *Id.* ¶ 16. There is a significant likelihood of his removal in the reasonably foreseeable future because ICE/ERO is currently removing non-citizens to India. *Id.* ¶ 17.

## ARGUMENT[2]

Venue is improper in this district because Petitioner is currently detained at FCI Atlanta in the Northern District of Georgia. For this reason, the Court should dismiss the Petition for lack of jurisdiction. In the alternative, this action should be transferred to the U.S. District Court for the Northern District of Georgia.

Under 28 U.S.C. § 2241(a), district courts may grant writs of habeas corpus "within their respective jurisdictions" in "the district wherein the restraint complained of is had." Interpreting this language, the Supreme Court has held that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

---

[2] Because the Court lacks jurisdiction over this action due to improper venue, Respondent addresses only this jurisdictional issue in this Response. To the extent the Court concludes it retains jurisdiction, Respondent respectfully requests the opportunity to address the merits of Petitioner's underlying claims.

Here, Petitioner is detained at FCI Atlanta, and he has been in the custody of the Warden of FCI Atlanta since February 14, 2025. Knowles Decl. ¶¶ 14, 16. He filed the Petition on February 24, 2025—ten days later.[3] *See generally* Pet. And therein, Petitioner concedes that he is currently detained at FCI Atlanta. Cover Letter 1. Thus, at the time the Petition was filed, Petitioner's "district of confinement," *Padilla*, 426 U.S. at 443, was the Northern District of Georgia. Venue for the Petition is proper only in that district, and this Court lacks jurisdiction over the Petition. *Id.*; 28 U.S.C. § 2241(a).

Petitioner appears to claim that venue is proper in this district because although he is within the physical control of FCI Atlanta, ICE/ERO officials at Stewart Detention Center exercise legal control over his detention. Pet. 7; Cover Letter 1. This distinction makes no difference, and the Warden of FCI Atlanta is the only proper respondent to the Petition.

28 U.S.C. § 2243 provides that the proper respondent to a § 2241 petition is "the person having custody of the person detained." "The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434. "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435; *see also id.* at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). This is because 8 U.S.C. §§ 2241 and 2243 "make[] no such distinction based on the *source* of the physical detention." *Id.* at 437 (emphasis added).

---

[3] Although the Court received the Petition on February 25, 2025, Petitioner signed it on February 17, 2025—8 days earlier. "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotations and citation omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* Using either date, Petitioner was in custody of the Warden of FCI Atlanta at the time the Petition was filed.

4

Rather, "identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.'" *Id.* at 439.

Here, because Petitioner indeed challenges his physical custody, his immediate custodian—and the only proper respondent to the Petition—is the Warden of FCI Atlanta. Because a physical custodian may be named as a respondent, the fact that ICE/ERO officials may exercise some legal control over Petitioner's detention is inapposite. *Id.* Indeed, this Court has reached this same conclusion and dismissed other supervisory officials named as respondents where non-citizens challenge their immigration detention through habeas petitions. *See, e.g., Braithwaite v. Holder*, No. 4:11-cv-56-CDL-MSH, 2012 WL 4210367, at *1 (M.D. Ga. Aug. 27, 2012), *recommendation adopted*, 2012 WL 4120416 (M.D. Ga. Sept. 19, 2012). Because Petitioner challenges his detention at FCI Atlanta in Atlanta, Georgia, the Northern District of Georgia is "the district wherein the restraint complained of is had," 28 U.S.C. § 2241(a), and it is the only proper venue for the Petition. Because venue is improper in this district, the Petition should therefore be dismissed for lack of jurisdiction. In the alternative, the Court should transfer this action to the Northern District of Georgia.[4]

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court dismiss the Petition because venue is improper in this district. In the alternative, this action should be transferred to the U.S. District Court for the Northern District of Georgia.

---

[4] To the extent the Court transfers this action, Respondent respectfully requests that the deadline to file a response to the merits of the claims in the Petition be extended to twenty-one (21) days from the date the action is received by the transferee district.

Respectfully submitted, this 17th day of March, 2025.

                                                  C. SHANELLE BOOKER
                                                  ACTING UNITED STATES ATTORNEY

BY:    *s/ Roger C. Grantham, Jr.*
           ROGER C. GRANTHAM, JR.
           Assistant United States Attorney
           Georgia Bar No. 860338
           United States Attorney's Office
           Middle District of Georgia
           P. O. Box 2568
           Columbus, Georgia 31902
           Phone: (706) 649-7728
           roger.grantham@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that I have this date filed the Respondent's Motion to Dismiss with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

N/A

I further certify that I have this date mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

Harbans Singh
A# 208 426 600
FCI Atlanta
Federal Correctional Institution
P.O. Box 150160
Atlanta, GA  30315

Harbans Singh
A# 208 426 600
FCI Atlanta
Federal Correctional Institution
Satellite Camp
P.O. Box 150160
Atlanta, GA  30315

Harbans Singh
c/o Nisha Mehra
12024 SE 204th Street
Kent, WA  98031

This 17th day of March, 2025.

BY:   *s/ Roger C. Grantham, Jr.*
      ROGER C. GRANTHAM, JR.
      Assistant United States Attorney