IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HARBANS SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FEDERAL CORRECTIONAL INSTITUTION ATLANTA,<br><br>Respondent. | Civil Action File No.<br>1:25-CV-01483-TRJ-CCB |

**DEFENDANT'S MOTION TO DISMISS,
<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Respondent moves to dismiss Petitioner's petition for a writ of habeas corpus (Doc. 1) for lack of subject matter jurisdiction on the ground that it is moot.

**I.   RELEVANT BACKGROUND**

Petitioner filed his habeas petition in the United States District Court for the Middle District of Georgia on February 24, 2025, challenging his detention by United States Immigration and Customs Enforcement (ICE) on the ground that a final order of removal to his home country of India already had issued and requesting to be removed or released.  Doc. 1 ¶¶ 6, 15; Doc. 1-1 at 1.  On March 20, 2025, the day that the petition was transferred to this district, ICE removed Petitioner to India.  Doc. 11; *see* redacted ICE Form I-205 (attached).

## II.   ARGUMENT AND CITATIONS TO AUTHORITY

Federal courts lack jurisdiction to decide moot questions or abstract propositions of law because they do not constitute "cases or controversies" under Article III of the United States Constitution.  *See Preiser v. Newkirk*, 422 U.S. 395, 401–03 (1975); *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001).  In order for a court to retain jurisdiction, a real controversy must exist not only when suit is filed, but throughout all stages of the case.  *See Al Najjar*, 273 F.3d at 1355; *Chiles v. Thornburgh*, 865 F.2d 1197, 1202 (11th Cir. 1989).  Consequently, where intervening events occur after the filing of a habeas corpus petition that deprive the district court of its ability to afford any meaningful relief to the petitioner, the petition is rendered moot and should be dismissed.  *Soliman*, 296 F.3d at 1242.

In *Soliman*, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order after he was removed to his home country while the appeal was pending.  *Id.* at 1243.  The court explained that, because the petitioner no longer was being detained, "no order from [the] Court requiring the [government] to release him into the community awaiting his final removal could have any effect," and "[a]ny opinion regarding [his] challenge to his detention . . . would be purely advisory."  *Id.* (alterations to original).  The court

thus held that the petitioner's appeal was moot and should be dismissed. *Id.* at 1244; *accord Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1290 (11th Cir. 2019) (also dismissing as moot habeas petition challenging detention by subsequently-deported alien).

Here, as in *Soliman*, Petitioner's habeas petition is moot because he no longer is being detained and, instead, has been provided the relief requested in his petition—removal or release. Specifically, Petitioner has been removed to his home country of India. Thus, no order requiring the government to remove or release Petitioner could have any effect, and any opinion regarding his challenge to his detention would be purely advisory. Accordingly, this Court should dismiss Petitioner's habeas petition for lack of subject matter jurisdiction.

### III.   CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court dismiss Petitioner's habeas petition.

Respectfully submitted, this 28th day of March, 2025

        RICHARD S. MOULTRIE, JR.
        *Acting United States Attorney*

        s/ Aaron J. Ross
        AARON J. ROSS
        *Assistant United States Attorney*
        Georgia Bar No. 461981
        75 Ted Turner Drive SW, Suite 600
        Atlanta, Georgia 30303
        Telephone: 404-581-6228

Facsimile: 404-581-6181
aaron.ross@usdoj.gov

*Counsel for Respondent*

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that the documents to which this certificate is attached have been prepared in Book Antiqua font, 13-point type, which is one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

s/ Aaron J. Ross
Aaron J. Ross
*Assistant United States Attorney*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

I also hereby certify that I have served a copy of the foregoing document upon the *pro se* petitioner by depositing a true and correct copy of the same in the United States mail with adequate postage affixed thereto to ensure delivery, addressed as follows:

> Harbans Singh c/o Nisha Mehra
> 12024 SE 204th Street
> Kent, WA 98031

This 28th day of March, 2025.

> s/ Aaron J. Ross
> Aaron J. Ross
> *Assistant United States Attorney*
>
> *Counsel for Respondent*