IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARBANS SINGH,
    Petitioner,

v.

IMMIGRATIONS AND
CUSTOMS ENFORCEMENT,
    Respondent.

CIVIL ACTION NO.
1:25-CV-1483-TRJ-CCB

## FINAL REPORT AND RECOMMENDATION

Petitioner Harbans Singh filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging his detention by the Bureau of Immigrations and Customs Enforcement. [Doc. 1]. Petitioner has paid the filing fee. Respondent has filed a motion to dismiss the petition as moot. [Doc. 15].

For the reasons stated below, I **RECOMMEND** that this action be **DISMISSED without prejudice**.

### I.    DISCUSSION

At the time of filing, Petitioner, a citizen of India, was detained at FCI Atlanta and was the subject of a final order of removal under 8 U.S.C. § 1231(a). [Doc. 1; Doc. 9 at 2]. In the petition, Petitioner argues that Respondent was required to either deport or release him within six months of the issuance of his final order of removal, but it had been over six months and Petitioner was still in custody. [Doc. 1 at 2, 7].

Petitioner does not appear to be challenging the final order of removal itself, only his prolonged detention. *See* [*id.*]. Petitioner requests that he be either deported or released from detention. [*Id.* at 7].

Respondent has filed a motion to dismiss, which indicates that Petitioner was deported to India on March 20, 2025. [Doc. 15 at 1; Doc. 15-1 at 2]. Respondent argues that this action must be dismissed because Petitioner's deportation renders his § 2241 petition moot. [Doc. 15 at 2–3]. Petitioner did not file a response.

"As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019). As here, when a petitioner challenges only the fact of his detention and not his final order of removal, the petitioner's deportation renders a habeas claim moot. *Id.* at 1290; *see also Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Because Soliman is not being detained by the INS (or any United States Government entity for that matter), no order from this Court requiring the INS to release him into the community awaiting his final removal could have any effect.")

Accordingly, because Petitioner has been deported and there is nothing for this Court to remedy, I **RECOMMEND** that the motion to dismiss, [Doc. 15], be **GRANTED** and this action be **DISMISSED AS MOOT**.

## II.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

I **RECOMMEND** that a certificate of appealability be **DENIED** because resolution of the issues presented—that this action is moot—is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

### III.    CONCLUSION

For the reasons stated above, I **RECOMMEND** that the motion to dismiss, [Doc. 15], be **GRANTED**, this action be **DISMISSED AS MOOT**, and a certificate of appealability be **DENIED** because resolution of the issue presented is not debatable.

**SO RECOMMENDED**, this 25th day of April, 2025.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE